IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re:<br><br>DEEP SEA FISHING, INC. d/b/a CAPTAIN<br>KELLY'S DEEP SEA HEADQUARTERS,<br><br>Petitioner. | Civil Action No. C-05-541 |

**ORDER GRANTING MOTION TO LIFT RESTRAINING ORDER**

On this day came on to be considered Claimant Rene Gonzalez's Motion to Lift Restraining Order in, and to Stay, the Limitation Proceeding (D.E. 17). For the reasons stated herein, the Court GRANTS Claimant's motion to lift, and STAYS the instant federal proceeding until Claimant's state court action is concluded.

**I.    Jurisdiction**

This Court has jurisdiction over the instant proceeding pursuant to the Limitation of Liability Act of 1851. 46 U.S.C. app. §§ 181-189.

**II.   Factual and Procedural Background**

On June 23, 2005, Claimant Rene Gonzalez filed a state court action, Cause No. 05-3217-E, in the District Court for the 148th District in Nueces County, Texas, against Petitioner Deep Sea Fishing, Inc. d/b/a Captain Kelly's Deep Sea Headquarters. Claimant alleged that on May 12, 2005, Petitioner negligently operated the M/V New Kingfisher causing Claimant, who was on board the vessel, personal injuries.

On November 10, 2005, in response to Claimant's state court action, Petitioner filed a Complaint and Petition for Exoneration From or Limitation of Liability in the United States District Court for the Southern District of Texas, pursuant to the Limitation of Liability Act. See 46 U.S.C. app.

§§ 181-189. Petitioner also sought to enjoin Claimant's prosecution of his state court action.

On December 16, 2005, the Honorable Hayden W. Head entered an Order for Monition and Enjoining Suits (D.E. 6), in which he enjoined prosecution of Claimant's state court action. Subsequently, Judge Head recused himself from the case and the case was reassigned to this Court.

On January 24, 2006, Claimant filed a Stipulation and a Motion to Lift Restraining Order in, and to Stay, the Limitation Proceeding (D.E. 17). Petitioner has not filed a response to the motion. Local Rule 7.4 provides that "[f]ailure to respond [to a motion] will be taken as a representation of no opposition."

**III.   Discussion**

A shipowner facing potential liability for an accident occurring on the high seas may file suit in federal district court seeking protection under the Limitation of Liability Act (the Act). 46 U.S.C. app. §§ 181-189; Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996), cert. denied, 519 U.S. 822 (1996). The Act allows a shipowner to limit liability for damages arising from a maritime accident to the "amount or value of the interest of such owner in such vessel, and [its] freight then pending." 46 U.S.C. app. § 183(a). In other words, the Act "preserve[s] the right of the shipowner to limit its liability in a federal forum to the value of the vessel and [its] freight." Texaco, Inc. v. Williams, 47 F.3d 765, 767 (5th Cir. 1995), cert. denied, 516 U.S. 907 (1995). Accordingly, under the Act, a shipowner may file a limitation petition in federal district court "within six months after a claimant shall have given to or filed with [the shipowner] written notice of claim[.]" 46 U.S.C. app. § 185; see also Karim v. Finch Shipping Co., 265 F.3d 258, 263-64 (5th Cir. 2001).

When a shipowner initiates a limitation proceeding, the federal district court should enjoin prosecution of all related proceedings against the shipowner in any forum, including proceedings in

state court. E.g., Magnolia Marine Transp. Co. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir. 1992). In this case, Judge Head enjoined Claimant's prosecution of his state court action against Petitioner in the December 16, 2005 Order for Monition and Enjoining Suits.

The federal district court, however, should lift the order enjoining prosecution "when all claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court." Odeco Oil & Gas Co., 74 F.3d at 674; see also In re ADM/Growmark River Sys., Inc., 234 F.3d 881, 885-86 (5th Cir. 2000). Thus, an adequate stipulation is one that states (1) "the [federal] court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability[; and (2)] . . . no judgment will be asserted against the shipowner to the extent it exceeds the value of the limitation fund[, which is the value of the ship and its pending freight]." Texaco, Inc., 47 F.3d at 767; see also Magnolia Marine Transp. Co., 964 F.2d at 1575. Under an adequate stipulation, the shipowner's rights under the Act are protected because "the state [court] proceeding could have no possible effect on the petitioner's claim for limited liability . . . in a federal forum[.]" Texaco, Inc., 47 F.3d at 767; see also Magnolia Marine Transp. Co., 964 F.2d at 1575.

In this single-claimant case, the Court finds that Claimant's Stipulation, filed on January 24, 2006, sufficiently protects Petitioner's right to limit liability and acknowledges federal jurisdiction over the limitation proceeding. See Magnolia Marine Transp. Co., 964 F.2d at 1578. Specifically, the Stipulation provides in pertinent part:

> 2.  Claimant, his spouse and assigns hereby concede that Petitioner is entitled to, and has the right to, litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. [app. §§] 182-189 in this Honorable District Court
> . . . .

> 3. In the Texas State Court action Claimant proposes to prosecute, Claimant herein will not seek any judgment or ruling on or pertaining to Petitioner's right to exoneration/limitation of liability; and, Claimant hereby consents to waive any claim of <u>res judicata</u> relevant to any issue of or concerning exoneration/limitation of liability, based upon any judgment that may be rendered in said State Court action.
> 4. . . . Claimant herein does hereby stipulate that in the event that there is a judgment or recovery in the State Court action in excess of $301,800.00, [which Petitioner stipulates as the total value of the M/V New Kingfisher and its pending freight,] in no event will Claimant herein seek to execute or enforce said excess judgment or recovery insofar as same may expose Petitioner to liability in excess of $301,800.00, pending the adjudication of the Complaint of Exoneration from or Limitation of liability in this Court.
> . . . .

(Stipulation of Claimant Rene Gonzalez at 11-12.) Based on the Stipulation, the Court concludes that Claimant should be allowed to prosecute his claims in state court because under the Stipulation, the state court proceeding could have no possible effect on Petitioner's claim for limited liability in this Court. See <u>Texaco, Inc.</u>, 47 F.3d at 768 ("[T]he district court should lift any stay against the state proceeding" if the "plaintiff filed stipulations conceding the right of the shipowner to litigate all issues relating to limitation of liability in a federal forum and agreed not to enforce a judgment in excess of the limitation fund.").

## IV.   Conclusion

For the reasons set forth above, Claimant's Motion to Lift Restraining Order (D.E. 17) is hereby GRANTED, and the instant federal proceeding is hereby STAYED until Claimant's state court action is concluded.

SIGNED and ENTERED on the 27th day of March, 2006.

_____
Janis Graham Jack
United States District Judge